[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14212
Non-Argument Calendar
_____

Agency No. A078-378-522


XUE LIU,
a.k.a. Xue Yin Liu,
a.k.a. Liu Xue,

                                                                    Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 14, 2012)

Before TJOFLAT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Xue Liu, with the assistance of counsel, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her removal proceedings based on changed country conditions in China. On appeal, Liu argues that the BIA erred by refusing to grant her motion to reopen based on its premature conclusion that she had no reasonable likelihood of success on the merits. Liu asserts that, even though her motion to reopen was untimely, the BIA failed to consider all the evidence she presented to establish materially changed country conditions in China, and her supporting documents were not available during her previous removal hearing in 2000. Lastly, she maintains that it was unreasonable for the BIA to expect her to authenticate documents from China, particularly because the Chinese government was aware of her public political protests while in the United States and threatened her with persecution.

We review the denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen*, 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id*.

A party may only file one motion to reopen removal proceedings, and that

2

motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B). Under 8 U.S.C. § 1229a(c)(7)(C)(i), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. INA § 240(c)(7)(C)(i), 8 U.S.C. 1229a(c)(7)(C)(i). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).

An exception to the time and number limit applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, a change in personal circumstances does not authorize the untimely filing of a motion to reopen. *See Jiang*, 568 F.3d at 1258 (noting that changed personal circumstances do not meet the standard for a petition to reopen).

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a *prima facie* case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a

3

determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

The BIA is not required to discuss in its opinion every piece of evidence presented. *Morales v. I.N.S.*, 208 F.3d 323, 328 (11th Cir. 2000). Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented. *Id.* Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (quotation omitted).

We have determined that the BIA is entitled to discount documents that have not been authenticated. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009). The BIA has held that letters from interested witnesses, including relatives and friends, who are not subject to cross-examination may be of limited probative value. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010). The BIA has stated that the U.S. State Department reports on country conditions, including the Country Profiles, are highly probative evidence and usually the best source of information on conditions in foreign countries, and

4

thus accorded "special weight." *Id.* at 213 (citation omitted).

The BIA did not abuse its discretion by denying Liu's motion to reopen, as Liu's motion was untimely and she failed to establish changed country conditions in China with respect to the treatment of political dissidents, political organizations, or others similarly situated to Liu.  Liu's motion relied on her political activities after the denial of her asylum petition and not on changes in China.  Moreover, the BIA did not act arbitrarily or capriciously in reviewing Liu's evidence because it gave reasoned consideration to her motion to reopen and made adequate findings.  It cited the evidence that she presented and announced its decision in sufficient terms.

Upon review of the record, and after consideration of the parties' briefs on appeal, we deny the petition.

**PETITION DENIED.**